OPINION OF THE COURT
Sam Eisenberg, J.
In this summary proceeding to remove the tenant as a holdover, a novel question has been posed.
The tenant occupies an apartment in a building which had been acquired by the City of Mount Vernon on November 18, 1980 in an “in rem” tax foreclosure. At that time the old rent control law (Emergency Housing Rent Control Law, L 1946, ch 274 [EHRCL]) was in effect within the City of Mount Vernon. However, under the old rent control law, housing accommodations, operated by a municipality, were not subject to rent control so long as they were so operated. (Emergency Housing Rent Control Law, § 2, subd 2, par [e], as amd by L 1966, ch 509.) On June 11, 1981, the City of Mount Vernon by its city council, adopted a resolution, effective July 1, 1981, whereby the old rent control law was abolished within the City of Mount Vernon. The abolition of the old rent control law, insofar as it affected housing accommodations within the City of Mount Vernon, was statutorily and by the provisions of the city’s resolution, subject to subdivision 2-a of section 12 of the old rent control law. (L 1971, ch 374, § 3.) That section provides in substance as follows:
*238 Upon the filing of a resolution resulting in decontrol of a housing accommodation, such decontrol takes place on the following dates:
(a) if the landlord and tenant execute a lease for at least two years, upon the terms provided in section 12 (subd 2-a, par [a]) of the Emergency Housing Rent Control Law then decontrol takes place upon the execution of such lease;
(b) if the landlord has offered the tenant a lease in accordance with said section 12 (subd 2-a, par [a]) of the EHRCL and the tenant fails to execute such lease, then decontrol takes place upon the expiration of a 30-day notice to be given under section 12 (subd 2-a, par [b]) of the EHRCL or six months after the adoption of the decontrol resolution, whichever is later; and
(c) if the landlord does not offer such a lease to the tenant then decontrol takes place two years from the date the municipality filed the resolution.
On October 30, 1981 the city conveyed the premises to the petitioner herein. On November 24, 1981, the petitioner terminated the tenancy of the respondent by a 30-day notice and the tenant having failed to vacate the premises by reason of such notice, this summary proceeding was undertaken. Upon a stipulation between the parties, the court granted a judgment awarding possession of the premises to the petitioner landlord, subject to a stay until March 31, 1982. The respondent tenant has now moved this court to vacate the judgment on the grounds that the housing accommodations occupied by this tenant were in fact still subject to rent control at the time of the commencement of these proceedings and that the petition upon which the judgment was granted was defective in alleging that the premises are not subject to rent control. In essence, the tenant now argues that although rent control was abolished in the City of Mount Vernon effective July 1, 1981, such decontrol is subject to the time elements set forth as noted above in subdivision 2-a of section 12 of the EHRCL. The tenant argues that his apartment was subject to rent control at the time of the effective date of the resolution abolishing rent control but such rent control was simply held in abeyance while the *239 city was the owner and operator of the property. He argues further that immediately upon conveyance of the property by the city to the landlord herein, rent control insofar as it affected the respondent’s accommodations attached again and that the tenant was entitled to an offer of a two-year lease or alternatively decontrol of his apartment did not take place until two years after the effective date of the municipal resolution abolishing rent control which would be July 1, 1984.
The landlord, on the other hand, claims the tenant’s housing accommodations were not subject to rent control at the time that the city adopted its resolution abolishing rent control and that rent control of the tenant’s accommodations was not reinstated by the transfer of the property from the city to the landlord herein. There are no prior decisions that the court has been able to find to guide it in the resolution of this novel dispute. Under the circumstances, the court must look to the language of the resolution of the City of Mount Vernon abolishing rent control and to the related provisions of subdivision 2-a of section 12 of the EHRCL to determine the intent of the legislators. Subdivision 2-a of section 12 of the EHRCL sets up a timetable for decontrol of housing accommodations upon the adoption by a municipality of a resolution abolishing rent control. The term “housing accommodations” as used in the Emergency Housing Rent Control Law is a term of art, defined in subdivision 2 of section 2 of the EHRCL. A “housing accommodation” is defined as much by exclusion as it is by inclusion. Thus, under section 2 (subd 2, par [e]) of the EHRCL (as amd by L 1966, ch 509, § 1) an apartment which is owned or operated by a city is not a “housing accommodation” and as long as it is so owned or operated it does not have the protection of subdivision 2-a of section 12 of the EHRCL. And there is nothing within the Emergency Housing Rent Control Law which reattaches rent control status to a city-operated apartment, after the city has ceased such operations, where the apartment has, in the interim, been removed from rent control for other valid reasons or by other valid legislation.
The language of the city resolution is more precise in this respect. The last paragraph of the preamble to the *240 resolution adopted by the City of Mount Vernon on June 11,1981, effective July 1,1981'reads insofar as is relevant to the dispute herein as follows: “Whereas, pursuant to section 12 of the Emergency Housing Rent Control Law upon abolishing rent control, the tenants now under EHRCL, will be protected”.
That language states explicitly that the protection of section 12 of the Emergency Housing Rent Control Law exists for and applies to those “tenants now under EHRCL”. At the time of the enactment by the city of the resolution abolishing rent control, the tenant herein was not under the protection of the EHRCL and he cannot rely upon section 12 of the EHRCL to extend the time of decontrol with respect to his apartment. The motion of the respondent to vacate the judgment herein is, therefore, denied.